NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2595
_____

UNITED STATES OF AMERICA,


v.

DONTE HALL,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-12-cr-00176-004)
District Judge: Hon. Eduardo C. Robreno


_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 11, 2014

Before: CHAGARES, SHWARTZ and ALDISERT, Circuit Judges.

(Filed: February 24, 2014)

_____

OPINION OF THE COURT
_____


ALDISERT, Circuit Judge.

Donte Hall appeals a judgment of the United States District Court for the Eastern

District of Pennsylvania sentencing him to 84 months' imprisonment. Hall's counsel

moves to withdraw his representation pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and has filed a supporting brief. For the reasons that follow, we will affirm the judgment of the District Court and grant counsel's motion to withdraw.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly. On February 11, 2013, Hall pled guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (Count 1), distribution and aiding and abetting the distribution of five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Counts 4, 6), and use of a communication facility in furtherance of drug trafficking in violation of 18 U.S.C. § 843(b) (Counts 8, 9, 11-13). With few exceptions, Hall "voluntarily and expressly waive[d] all rights to appeal" in the plea agreement. App. 47.

During the change of plea hearing, the District Court confirmed Hall's mental and physical competence to enter into the plea agreement and his understanding of its stipulations, including his waiver of the right to a trial by jury and limitation of the issues he may appeal. The District Court also confirmed that Hall was entering into the guilty plea voluntarily.

At the sentencing hearing, the District Court adopted the uncontested presentence report. The District Court then assigned Hall a criminal history category of I based on Hall's prior felony drug conviction, and recognized a total offense level of 27. This corresponds with an advisory Sentencing Guidelines range of 70 to 87 months' imprisonment. The District Court then granted the Government's motion for a downward

departure based on Hall's cooperation in the prosecution of other individuals, bringing his offense level to 23. The District Court acknowledged that the Sentencing Guidelines recommend a term of imprisonment between 46 and 57 months for an offense level of 23 and a criminal history category of I.

The District Court then made its own motion for an upward variance. After giving the Government, Hall's counsel and Hall a chance to speak, the District Court evaluated the relevant sentencing factors under 18 U.S.C. § 3553(a). The District Court considered Hall's role as a supplier in the methamphetamine conspiracy, the seriousness of the crime, the need to deter others from committing similar crimes, and the need to avoid unwarranted sentencing disparities. The District Court also considered mitigating factors including Hall's education and training, his limited criminal history, and his cooperation with the Government. Based on these factors, the District Court sentenced Hall to 84 months' imprisonment, finding this sentence to be "sufficient, but . . . not greater than necessary." App. 104. Hall filed a timely appeal. Hall's counsel moves to withdraw and has filed an Anders brief indicating that he finds no meritorious issues on appeal.[1]

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel may file a motion to withdraw and a supporting Anders brief if, after reviewing the record, counsel is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). In reviewing counsel's Anders brief, our inquiry

---

[1] Hall did not exercise his option to file a supplemental brief.

is twofold. We must determine (1) whether counsel adequately fulfilled the rule's requirements, and (2) whether an independent review of the record presents any nonfrivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where an Anders brief appears adequate on its face, we will rely on it to guide our review of the record. Id. at 301.

### III.

Counsel's Anders brief identifies three potentially appealable issues: (1) whether the District Court had jurisdiction; (2) whether the guilty plea was valid; and (3) whether Hall's sentence was reasonable. For each of these issues, counsel reviews the relevant law and explains the frivolous nature of the appeal to our satisfaction. Accordingly, we will rely on the Anders brief to guide our review of the record.

### A.

We agree with Hall's counsel that any challenges to the District Court's jurisdiction would be frivolous. Hall did not object to the District Court's jurisdiction and explicitly and voluntarily waived his right to appeal on this basis in his plea agreement. Moreover, as noted above, the District Court had jurisdiction under 18 U.S.C. § 3231. Accordingly, there is no appealable issue of arguable merit as to the District Court's jurisdiction.

### B.

We also agree with Hall's counsel that any challenges to the procedural validity or voluntariness of Hall's guilty plea would be frivolous. Hall's plea agreement waives his ability to appeal on these bases. Moreover, any such appeal would be without merit.

4

A criminal defendant's guilty plea "must be knowing, voluntary and intelligent." United States v. Tidwell, 521 F.3d 236, 251 (3d Cir. 2008). To ensure that a plea is knowing and voluntary, the district court must advise a defendant of the consequences of the plea and ensure that the defendant understands them. United States v. Schweitzer, 454 F.3d 197, 202-203 (3d Cir. 2006) (citing Boykin v. Alabama, 395 U.S. 238 (1969) and Rule 11, Federal Rules of Criminal Procedure).

Our review of the change of plea hearing transcript confirms that the District Court conducted a thorough plea colloquy in compliance with Rule 11 and the teachings of Boykin. The District Court fully explained to Hall the waiver of his constitutional rights, the charges against him, the maximum possible penalties, the Sentencing Guidelines recommendations and the District Court's discretion to depart from them, and the limitations on Hall's ability to appeal. The District Court also confirmed Hall's mental and physical ability to enter into a plea agreement and verified that Hall was entering the plea voluntarily. Accordingly, an appeal challenging the procedural validity or voluntariness of the plea agreement would be wholly frivolous.

C.

Finally, we agree also with Hall's counsel that any challenges to Hall's sentencing would be frivolous. We review a district court's sentencing decision for an abuse of discretion, which proceeds in two stages of analysis. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We first review for procedural error, ensuring that the district court (1) correctly calculated the advisory Guidelines range, (2) ruled on any formal departure motions, and (3) exercised its discretion in applying the § 3553(a)

5

factors. Id. If the sentencing decision passes the first stage of analysis, we then consider the substantive reasonableness of the decision focusing on the totality of the circumstances. Id.

After reviewing the record, we conclude that the District Court's sentence was both procedurally and substantively reasonable. The District Court fully complied with the governing three-step sentencing process. It correctly calculated the advisory Guidelines range, granted the Government's departure motion based on Hall's cooperation in the prosecution of others, and examined the § 3553(a) factors. The District Court explained its reasons for imposing an upward variance by considering Hall's role as a supplier in the methamphetamine conspiracy, the seriousness of the crime, the need for deterrence from similar crimes, and the need to avoid unnecessary sentencing disparities. The District Court also properly considered the relevant mitigating factors including Hall's cooperation with the Government, his minimal criminal record, and his training and education. Our review of the record, therefore, reveals that the District Court thoroughly evaluated the § 3553(a) factors and explained its upward variance. Accordingly, we conclude that the District Court committed no procedural errors and any appeal on this basis would be wholly frivolous.

We also agree that there are no meritorious challenges to the substantive reasonableness of the sentence. A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided." Id. at 568. Although the District Court's sentence was 27 months above the Guidelines recommendation for Hall's offense level, "we cannot

presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range." Id. at 567. The District Court acted within the bounds of its discretion in imposing an upward variance to 84 months. See United States v. Siddons, 660 F.3d 699, 703, 708 (3d Cir. 2011) (upholding an upward variance to 180 months from an offense level range of 135 to 168 months and an initial base range of 78 to 97 months); Schweitzer, 454 F.3d at 201-202, 206 (upholding an upward variance to 84 months from a Guidelines recommended range of 46 to 57 months). Moreover, as indicated above, the District Court thoroughly discussed the relevant § 3553(a) factors. Accordingly, we conclude that the sentence was substantively reasonable and any appeal on this basis would be frivolous.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. We will affirm the judgment of the District Court and grant counsel's Anders motion.